**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2245
_____

UNITED STATES OF AMERICA

v.

PAUL A. MARONE,
                            Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 3:15-cr-00017-001)
District Judge:  Honorable Kim R. Gibson*
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 27, 2025

Before:  CHAGARES, <u>Chief</u> <u>Judge</u>, BOVE and SCIRICA,** <u>Circuit</u> <u>Judges</u>

(Filed: July 29, 2026)
_____

OPINION***
_____

---

* The Honorable Kim R. Gibson, United States District Judge, presided over the District
Court proceedings at the time this appeal was commenced.  While the appeal was
pending, Judge Gibson passed away and the case was later assigned to the Honorable
Mark R. Hornak, United States District Judge.
** The Honorable Anthony J. Scirica was unavailable to participate in the decision in this
case after submission to the merits panel.  This opinion is filed by a quorum of the panel
pursuant to 28 U.S.C. § 46(d) and 3d Cir. I.O.P. 12.1(b).
*** This disposition is not an opinion of the full Court and, pursuant to 3d Cir. I.O.P. 5.7,
does not constitute binding precedent.

CHAGARES, Chief Judge.

Paul Marone challenges the above-Guidelines sentence imposed by the District Court as procedurally unsound. For the reasons below, we will affirm the judgment of sentence.

I.[1]

Marone pled guilty in the United States District Court for the Western District of Michigan to one count of traveling in interstate commerce for the purpose of engaging in illicit sexual conduct with a minor in violation of 18 U.S.C. § 2423(b). At sentencing in 2011, the District Court varied below the advisory Sentencing Guidelines range based, at least in part, on Marone's representations that he was unlikely to reoffend, and sentenced Marone to thirty-six months of imprisonment along with four years of supervised release.

Marone was released to supervision in 2015, and jurisdiction was transferred to the Western District of Pennsylvania. Almost immediately, however, Marone's probation officer filed a petition for revocation of supervised release, alleging that Marone had obtained multiple undisclosed cell phones that he used to engage in explicit communications with minors, view pornography, and travel out of the district — all of which violated the terms of his supervised release. Following a show-cause hearing at which Marone admitted to the violations, the District Court revoked his release status and imposed an upwardly-variant sentence of twenty-four months of imprisonment, followed

---

[1] We write primarily for the parties, and so we recite only the facts necessary to decide the case.

2

by five years of supervised release. Marone appealed, and this Court affirmed. United States v. Marone, 662 F. App'x 172, 176 (3d Cir. 2016).

Marone was once again released to supervision in 2017. Two years later, his probation officer filed a second petition for revocation of supervised release, alleging that Marone had obtained undisclosed cellphones, used unreported social media accounts, communicated with a minor, and obtained nude photographs from that minor. Marone ultimately admitted to several violations arising out of these acts, and the District Court revoked his release status and sentenced him to twenty-four months of imprisonment, followed by two years of supervised release.

Shortly after Marone completed his latest term of incarceration, his probation officer filed a third petition for revocation of supervised release, alleging that Marone had violated two of his release conditions[2] by: (1) stalking a nineteen-year-old woman; and (2) repeatedly visiting a gym and baseball field where minors were present. Marone admitted to the first violation but contested the second at his show-cause hearing. The District Court heard testimony[3] and argument and found that the Government had not met its burden to prove the violation of the second condition. The court then proceeded to sentence Marone solely for the first violation as it related to the stalking offense.

---

[2] Specifically, Marone was charged with violating Mandatory Condition No. 2 (requiring that Marone not commit another federal, state, or local crime) and a Special Condition (mandating that he not frequent places where children regularly congregate).

[3] Because Marone's original probation officer — Brian Frycklund — was no longer a probation officer and unavailable to testify, the Government presented testimony from Probation Officer Danylle Ford.

3

At the sentencing portion of the hearing, the District Court first calculated Marone's advisory Sentencing Guidelines range to be four to ten months of imprisonment, with a statutory maximum of thirty-six months. The court cited its concerns over the similarity of the stalking offense to Marone's original charge as well as Marone's history of violations, his apparent disregard for his conditions of supervision, and the danger he posed to the community. The District Court then varied upward and imposed a sentence of twenty-four months of imprisonment, followed by 180 days in a residential reentry center and 180 days of home detention (for a total of thirty-six months), and five years of supervised release. Marone timely appealed.

## II.[4]

Marone argues that the sentence imposed was procedurally unreasonable for two reasons: (1) the District Court failed to provide "significant justification" for its substantial upward variance from the advisory Sentencing Guidelines range; and (2) the District Court failed to consider certain relevant sentencing factors under 18 U.S.C. § 3553(a). Marone Br. 15. Because Marone did not raise either of these two arguments at sentencing, we review the District Court's judgment for plain error. United States v. Fountain, 792 F.3d 310, 318 (3d Cir. 2015). Under that standard, the defendant bears the burden of proving: (1) an error; (2) which is plain; and (3) which affects substantial rights. Greer v. United States, 593 U.S. 503, 507–08 (2021). If all three elements are

---

[4] The District Court had subject matter jurisdiction pursuant to 18 U.S.C. §§ 3231, 3583(e), and 3605. This Court has jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

met, we have the discretion to grant relief so long as "the error had a serious effect on 'the fairness, integrity or public reputation of judicial proceedings.'" Id. at 508 (quoting Rosales-Mireles v. United States, 585 U.S. 129, 135 (2018)).

Marone cannot prove that there was any procedural error — much less a plain one — in the District Court's judgment.[5] With respect to his first argument, the Supreme Court has instructed that when imposing "an outside-Guidelines sentence," district courts "must consider the extent of the deviation[,] . . . ensure that the justification is sufficiently compelling to support the degree of variance," and "adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." Gall v. United States, 552 U.S. 38, 50 (2007). In doing so, while a "brief statement of reasons can be legally sufficient," the District Court "must furnish an explanation sufficient for us to see that the particular circumstances of the case have been given meaningful consideration within the parameters of § 3553(a)." United States v. Merced, 603 F.3d 203, 215–16 (3d Cir. 2010) (quotation marks omitted).

The District Court readily cleared that benchmark in this case. The court began its sentencing rationale by explaining that it was deeply concerned by the stalking offense,

---

[5] Marone recently filed a letter pursuant to Federal Rule of Appellate Procedure 28(j), suggesting that our decision in United States v. Newkirk, 174 F.4th 336 (3d Cir. 2026) supports his arguments. That opinion is inapposite. Unlike the District Court's fourteen-month variance here, Newkirk involved a 99.5% reduction from 92 months of incarceration to two weeks. And it was only in light of that "genuinely extraordinary" variance that we concluded that the District Court's failure to discuss general deterrence and risk of unwarranted disparities was procedurally insufficient, and that its "near[] exclusive focus on [the defendant's] presentencing rehabilitation" was not a "sufficiently compelling reason to justify such leniency." Id. at 342–44 (quotation marks omitted).

particularly given the parallels between that crime and Marone's original conviction. The court then noted that Marone was a serial violator, indicating that he had little regard for the conditions of his supervised release and posed an ongoing danger to the community. Finally, the District Court concluded that although a twenty-four-month sentence fell outside of the advisory Guidelines range, it was both reasonable and necessary in light of the serious nature of the violation, Marone's several previous violations of supervised release, and the need to prevent Marone from committing further crimes. It is clear from this explanation that the District Court meaningfully considered the circumstances in front of it, as well as its lengthy experience with Marone, and articulated several distinct reasons for imposing a substantially above-Guidelines sentence in light of the same. See Merced, 603 F.3d at 215–16. As a result, we cannot conclude on this record that there was any procedural error in the District Court's explanation of Marone's sentence.

Marone additionally argues that the District Court committed procedural error by failing to consider all of the sentencing factors set forth in 18 U.S.C. § 3553(a). He contends, in particular, that the District Court improperly ignored: (1) his "history and characteristics" pursuant to 18 U.S.C. § 3553(a)(1), including his learning disability, mental health conditions, and access to employment; and (2) the need to avoid unwarranted sentencing disparities with similarly situated defendants pursuant to 18 U.S.C. § 3553(a)(6). But this argument likewise fails.

A district court imposing a sentence for violation of supervised release conditions is obligated to give "meaningful consideration" to the § 3553(a) factors. United States v. Thornhill, 759 F.3d 299, 311 (3d Cir. 2014). Nevertheless, the court "need not make

6

explicit findings as to each of the § 3553(a) factors if the record makes clear that the court took the factors into account in sentencing." United States v. Packer, 83 F.4th 193, 199 (3d Cir. 2023) (quoting Merced, 603 F.3d at 215). While "[a] mere recitation of the factors and a statement that counsel's arguments have been considered is insufficient, . . . brevity is not error *per se*[,]" United States v. Friedman, 658 F.3d 342, 362 (3d Cir. 2011), so long as "the record . . . show[s] a true, considered exercise of discretion on the part of a district court, including a recognition of, and response to, the parties' non-frivolous arguments," United States v. Jackson, 467 F.3d 834, 841 (3d Cir. 2006).

The record here indicates that the District Court did not err. Prior to expounding on its reasoning for Marone's sentence, the District Court began by explicitly stating that it had considered the § 3553(a) factors. And while that alone may not have been enough, Marone also failed to raise either of the factors that he now claims that the District Court ignored. See United States v. Dragon, 471 F.3d 501, 505 (3d Cir. 2006) (explaining how a district "court need only discuss those grounds properly raised by the parties at the time of sentencing" and "is not required to manufacture grounds for the parties or search for grounds not clearly raised on the record in a concise and timely manner."). Indeed, even on appeal Marone provides little information about his access to employment and health conditions and cannot point to a single comparator that would indicate that his twenty-four-month sentence was incommensurate with sentences imposed on similarly situated offenders. We therefore decline to fault the District Court for failing sua sponte to expound on factors that were not properly raised, and which have yet to even prove

7

relevant.[6]  See id.  Thus, because the record is clear that the District Court properly considered and addressed the § 3553(a) factors, we conclude that there was no procedural error.

III.

For the foregoing reasons, we will affirm the judgment of the District Court.

---

[6] The District Court also explicitly addressed other aspects of Marone's "history and characteristics" including his pattern of "repeatedly violat[ing] conditions of his supervised release" and apparent disregard for those conditions.  App. 90.